# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CRISTIAN R. ORTEGA-LIBREROS

Plaintiffs,

-against-

COUNTY OF NASSAU, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5 (names that are fictitious), and NASSAU COUNTY CORRECTIONS MEDICAL PERSONNEL JOHN DOES 1-5 (names that are fictitious), Individually,

Defendants.

------------------------------------------------------------------X

***PROPOSED AMENDED***
**SUMMONS IN A CIVIL ACTION**

**CASE NO. 2:19-cv-03114**

**TRIAL BY JURY**

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

***FRANK C. PANETTA, ESQ.***
***LAW OFFICES OF FRANK C. PANETTA, ESQ., P.C.,***
***c/o Ariel Aminov***
***670 Main Street***
***Islip, New York 11751***
***(516) 683-8880 (Ext 1)***

**an answer to the Complaint which is herewith served upon you, within 20 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

________________________________________

**CLERK DATE**

________________________________________

**BY DEPUTY CLERK**

Dated: ***Islip***, New York
***March 3, 2021***

***LAW OFFICES OF FRANK C. PANETTA, ESQ., P.C.,***
***c/o Ariel Aminov***
***670 Main Street***
***Islip, New York 11751***
***(516) 683-8880 (Ext 1)***

By: ________________________________
**FRANK C. PANETTA, ESQ.**

**DEFENDANTS' ADDRESSES:**

**COUNTY OF NASSAU**
c/o NASSAU COUNTY ATTORNEY
One West Street
Mineola, New York 11501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CRISTIAN R. ORTEGA-LIBREROS

Plaintiff,

-against-

COUNTY OF NASSAU, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5 (names that are fictitious), and NASSAU COUNTY CORRECTIONS MEDICAL PERSONNEL JOHN DOE'S 1-5 (names that are fictitious), Individually,

Defendants.
---------------------------------------------------------------------X

***PROPOSED AMENDED*** **COMPLAINT**

**TRIAL BY JURY DEMANDED**

**CASE NO.: 2:19-cv-03114**

**FIRST:** The nature of Plaintiff's claims are to recover monetary damages from all defendants, including, but not limited to punitive damages against County of Nassau, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5 (a fictitious name as the real names are unknown to Plaintiff), individually, for violation of constitutional rights, pursuant to 42 U.S.C. § 1983, ***malicious prosecution, perjury, physical abuse, excessive force, false arrest, deprivation of liberty*** cruel and unusual punishment, violation of due process pursuant to the ***First, Fourth, Fifth,*** Eighth and Fourteenth Amendments of the United States Constitution, ***and/or Article I, §§ 5, 6, 8, 9, 12 of the New York State Constitution,*** and negligence, carelessness and recklessness of COUNTY OF NASSAU, and its agents, servants and/or employees, including, but not limited to the COUNTY OF NASSAU, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE

MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, individually for failure to provide medical treatment, denying and withholding life sustaining medication, carelessness and recklessness, ***malicious prosecution, false arrest, false imprisonment, abuse of process, excessive force, defamation of character, and*** mental anguish/psychological and punitive damages.

**<u>SECOND</u>:** The aforesaid defendants, at all relevant times, COUNTY OF NASSAU, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, Individually, were acting under the color of state law in arresting Plaintiff, CRISTIAN R. ORTEGA-LIBREROS***, with knowledge and/or reason to know that, CRISTIAN R. ORTEGA-LIBREROS, did not commit a crime and*** with the express purpose of denying his Constitutional rights, as they refused to provide Plaintiff with necessary clothing, medical care and treatment, and life-sustaining medication in being deliberately indifferent to the risk to Plaintiff and the substantial risk that the treatment was necessary for Plaintiff's well-being.

**<u>THIRD</u>:** That at all times hereinafter mentioned, the Plaintiff CRISTIAN ORTEGA-LIBREROS was a resident of the County of Nassau, State of New York.

**<u>FOURTH</u>:** That at all times hereinafter mentioned, the Defendant, COUNTY OF NASSAU, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

**<u>FIFTH</u>:** That at all times hereinafter mentioned, the Defendants P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, were acting within the scope of their employment with the Nassau County Police Department.

## <u>COUNT I</u>

## 42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS UNDER THE EIGHTH AMENDMENT FOR CRUEL AND UNUSUAL PUNISHMENT.

**SIXTH:** Plaintiffs repeat, reiterate and re-allege all of the allegations in paragraphs First through Fifth set forth above as if they appeared here.

**SEVENTH:** That on or about March 4, 2018, Defendants, COUNTY OF NASSAU and P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, P.O. (*herein, to be referred to by name or "the Nassau officers*") were employees, agents and/or servants of the COUNTY OF NASSAU, acting within the scope of their employment with the Nassau County Police Department.

**EIGHTH:** That on or about March 4, 2018, at approximately 3:44 p.m., Plaintiff, CRISTIAN ORTEGA-LIBREROS, was driving his vehicle at exit 28A of the eastbound Southern State Parkway in Seaford, New York, when he was stopped by P.O. RICHARD MOSBACK.

**NINTH:** Plaintiff was stopped for a traffic infraction and subsequently arrested for possession of marihuana, Nassau County Criminal Court Docket CR-005588-18NA.

**TENTH:** Upon information and belief, the day after Plaintiff was arrested and processed, Plaintiff was transported between the Nassau County Jail and another facility for arraignment. During this time, Plaintiff was wearing the same clothing from the day of his arrest, and he was forced to walk, stand, and otherwise remain outdoors for an extended period of time while it was snowing without a coat, jacket or any other form of protective clothing, and made to wait in a police car for a prolonged period without heat, a coat, jacket, or any other form of protective clothing during such weather conditions.

**ELEVENTH:** Plaintiff repeatedly requested a coat, blanket, heat, or any protection from the elements. Said exposure to the elements amounts to cruel and unusual punishment and a general neglect for the safety and welfare of in-custody prisoners.

**TWELFTH:** Plaintiff's requests were deliberately ignored by the employees, agents and/or servants of the COUNTY OF NASSAU.

**THIRTEENTH:** The NASSAU OFFICERS refused to provide warmth, cover, shelter and ignored Plaintiffs requests for medication, despite Plaintiff's numerous requests.

**FOURTEENTH:** NASSAU COUNTY CORRECTION OFFICERS JOHN DOE 1-5, refused to provide warmth, cover, shelter, despite Plaintiff's numerous requests.

**FIFTEENTH:** Upon information and belief, Plaintiff suffered mental and physical injuries as a result of this incident and the negligent handling of Plaintiff, including but not limited to pneumonia, exacerbation of chronic myelocytic leukemia, a white blood cell blast crisis, liver failure, kidney and general organ failure.

**SIXTEENTH:** Upon information and belief, Plaintiff was admitted to North Shore University Hospital on March 14, 2018 as a result of the conduct of the Defendants, subjecting Plaintiff to cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights pursuant to the United States Constitution and/or Article I, § 12 rights pursuant to the New York State Constitution.

**SEVENTEENTH:** That at all times, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ acted within the scope of their employment and under the authority of color of State Law as Police Officers.

**EIGHTEENTH:** That as a result of the above, Plaintiff CRISTIAN ORTEGA-LIBREROS demands judgment against the Defendant, COUNTY OF NASSAU, in the sum of ONE MILLION DOLLARS ($1,000,000.00) and punitive damages in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

## COUNT II

## 42 U.S.C. § 1983 CLAIM AGAINST ALL DEFENDANTS UNDER THE EIGHTH AMENDMENT FOR CRUEL AND UNUSUAL PUNISHMENT THROUGH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS.

**NINTEENTH:** Plaintiffs repeat, reiterate and re-allege all of the allegations in paragraphs "FIRST" through "EIGHTEENTH" set forth above as if they appeared here.

**TWENTIETH:** Plaintiff was diagnosed with Chronic Myelogenous Leukemia ("CML") in 2016, and received chemotherapy treatment following the diagnosis.

**TWENTY-FIRST:** Plaintiff was prescribed daily medication as a result of the CML diagnosis and treatment.

**TWENTY-SECOND:** Plaintiff was still prescribed and taking a medication for his CML condition on a daily basis at the time of his March 4, 2018 arrest, arraignment, and detention.

**TWENTY-THIRD:** Plaintiff's CML diagnosis and prescription medication constitute the objectively serious medical needs of Plaintiff at the time of his arrest, arraignment, and detention by Defendants.

**TWENTY-FOURTH:** After Plaintiff's arrest and arraignment, Plaintiff did not have access to his daily CML medication.

**TWENTY-FIFTH:** After Plaintiff's arraignment, Plaintiff informed Defendants and medical personnel at the county correctional facility of his CML condition.

**TWENTY-SIXTH:** After Plaintiff's arraignment, Plaintiff put Defendants and medical personnel at the county correctional facility on notice of his CML condition.

**TWENTY-SEVENTH:** After Plaintiff's arraignment, Plaintiff informed Defendants and medical personnel at the county correctional facility that he required medication for his CML condition.

**TWENTY-EIGHTH**: After Plaintiff's arraignment, Plaintiff put Defendants and medical personnel at the county correctional facility on notice that he required medication for his CML condition.

**TWENTY-NINTH**: Plaintiff provided Defendants and medical personnel at the county correctional facility with all information necessary to obtain Plaintiff's CML medication.

**THIRTIETH**: Defendants were under a duty to furnish Plaintiff's necessary medical treatment.

**THIRTY-FIRST**: Plaintiff was an inmate in the custody of Defendants.

**THIRTY-SECOND**: Defendants were under a duty to furnish Plaintiff's necessary medication.

**THIRTY-THIRD**: Despite repeated requests, Plaintiff was not provided with his necessary CML medication for four days while he was in the custody of Defendants.

**THIRTY-FOURTH:** Defendants failed to obtain medical treatment for Plaintiff.

**THIRTY-FIFTH:** The failure of Defendants to obtain medical treatment for Plaintiff resulted in substantial harm to Plaintiff, including but not limited to unnecessary pain, kidney failure, and worsening of Plaintiff's CML condition.

**THIRTY-SIXTH**: Defendants failed to obtain necessary medication for Plaintiff.

**THIRTY-SEVENTH**: The failure of Defendants to obtain necessary medication for Plaintiff resulted in substantial harm to Plaintiff, including but not limited to unnecessary pain, kidney failure, and worsening of Plaintiff's CML condition.

**THIRTY-EIGHTH**: Defendants failed to transfer Plaintiff to a facility where he could receive medical treatment.

**THIRTY-NINTH:** The failure of Defendants to transfer Plaintiff to a facility where he could receive medical treatment resulted in substantial harm to Plaintiff, including but not limited to unnecessary pain, kidney failure, and worsening of Plaintiff's CML condition.

**FORTIETH:** Defendants knew that the failure to provide Plaintiff with medical treatment of Plaintiff's CML condition was an excessive risk to Plaintiff's health.

**FORTY-FIRST:** Defendants disregarded the excessive risk to Plaintiff's health caused by the failure to provide Plaintiff with medical treatment of Plaintiff's CML condition.

**FORTY-SECOND:** Defendants knew that the failure to provide Plaintiff with Plaintiff's medication for his CML condition was an excessive risk to Plaintiff's health.

**FORTY-THIRD:** Defendants disregarded the excessive risk to Plaintiff's health caused by the failure to provide Plaintiff with Plaintiff's medication for his CML condition.

**FORTY-FOURTH:** By reason of the foregoing, Plaintiff CRISTIAN ORTEGA-LIBREROS demands judgment against the Defendant, COUNTY OF NASSAU, in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## COUNT III

### 42 U.S.C. § 1983 CLAIM AGAINST P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

**FORTY-FIFTH:** Defendants had subjective knowledge of Plaintiff's CML condition and the risk of serious harm that the condition posed to Plaintiff.

**FORTY-SIXTH:** Plaintiff provided Defendants and medical personnel at the county correctional facility with all information necessary to assess his condition and obtain Plaintiff's CML medication.

**FORTY-SEVENTH:** Defendants were aware of the substantial risk of serious harm that Plaintiff faced by not receiving CML medication.

**FORTY-EIGHTH:** Defendants did not take any reasonable measures, such as requesting and/or ordering Plaintiff's prescription medication, to alleviate the substantial risk of serious harm to Plaintiff.

**FORTY-NINTH:** As Plaintiff was unable to take his medication for the four days he was in Defendants' custody, the failure by Defendants to obtain and/or provide Plaintiff's CML medication resulted in a delay in Plaintiff's medical treatment.

**FIFITETH:** Chronic myelocytic leukemia is an obviously serious, painful, and life threatening condition.

**FIFTY-FIRST:** Plaintiff's symptoms of illness as a result of Defendants' failure to obtain and/or provide Plaintiff's CML medication manifested themselves while Plaintiff was still in Defendants' custody and prior to his release. As a result, it was apparent that a delay in obtaining and/or providing Plaintiff's CML medication would detrimentally exacerbate Plaintiff's medical problem.

**FIFTY-SECOND:** The delay by Defendants in failing to obtain and/or provide Plaintiff's CML medication seriously exacerbated Plaintiff's CML condition, as Plaintiff was weak, unable to hold down food, and entered the emergency room at Nassau University Medical Center hospital shortly after his release from Defendants' custody.

**FIFTY-THIRD:** The delay in obtaining and/or providing Plaintiff's CML medication to Plaintiff was medically unjustified.

**FIFTY-FOURTH:** Defendants' conduct amounts to deliberate indifference under the Due Process clause.

**FIFTY-FIFTH:** Plaintiff provided Defendants and medical personnel at the county correctional facility with all information necessary to provide medical treatment for Plaintiff's CML condition.

**FIFTY-SIXTH:** Defendants were aware of the substantial risk of serious harm that Plaintiff faced by not receiving medical treatment for his CML condition.

**FIFTY-SEVENTH:** Defendants did not take any reasonable measures to alleviate the substantial risk of serious harm to Plaintiff.

**FIFTY-EIGHTH:** Defendants knew that the failure to provide Plaintiff with medical treatment for his CML condition was an excessive risk to Plaintiff's health.

**FIFTY-NINTH:** As Plaintiff was unable to receive medical treatment for the four days he was in Defendants' custody, the failure by Defendants resulted in a delay in Plaintiff's medical treatment.

**SIXTIETH:** Chronic myelocytic leukemia is an obviously serious, painful, and life threatening condition.

**SIXTY-FIRST:** Plaintiff's symptoms of illness as a result of Defendants' failure to provide medical treatment for Plaintiff manifested themselves while Plaintiff was still in Defendants' custody. As a result, it was apparent that a delay in providing medical treatment for Plaintiff would detrimentally exacerbate Plaintiff's medical problem.

**SIXTY-SECOND:** The delay by Defendants in providing medical treatment for Plaintiff seriously exacerbated Plaintiff's CML condition, as Plaintiff was weak, unable to hold down food, and entered the emergency room at Nassau University Medical Center (hereinafter "NUMC") hospital shortly after his release from Defendants' custody.

**SIXTY-THIRD:** The delay in providing medical treatment for Plaintiff was medically unjustified.

**<u>SIXTY-FOURTH</u>:** Defendants' conduct amounts to deliberate indifference under the Due Process clause.

**<u>SIXTY-FIFTH</u>:** By reason of the foregoing, Plaintiff CRISTIAN ORTEGA-LIBREROS demands judgment against the Defendant, COUNTY OF NASSAU, in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

**<u>COUNT IV</u>**

**PLAINTIFF CRISTIAN ORTEGA-LIBREROS' CLAIM FOR MUNICIPAL LIABILITY**

**<u>SIXTY-SIXTH</u>:** Plaintiffs repeat, reiterate and re-allege all of the allegations set forth in paragraphs First through Thirty-Third above.

**<u>SIXTY-SEVENTH</u>:** That Defendant, COUNTY OF NASSAU, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in medical treatment and care procedures for those individuals that are incarcerated at the Nassau County Jail; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid pain and suffering, exacerbation of life threatening medical illness and permanent psychological injuries to the Plaintiff CRISTIAN ORTEGA-LIBREROS; and were otherwise reckless, careless and negligent.

**<u>SIXTY-EIGHTH</u>:** That as a result of the above referenced negligence and/or deliberate indifference; Plaintiff CRISTIAN ORTEGA-LIBREROS was caused to sustain pain and suffering due to the failure of Defendants to provide proper medical treatment and care to Plaintiff, as well as exacerbation of life-threatening medical illness and permanent psychological injuries.

**<u>SIXTY-NINTH</u>:** That as a result of the above, Plaintiff CRISTIAN ORTEGA-LIBREROS demands judgment against the Defendant, COUNTY OF NASSAU, in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

**COUNT V**

**AGAINST DEFENDANTS, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, INDIVIDUALLY, FOR NEGLIGENCE**

**SEVENTIETH:** Plaintiffs repeat, reiterate and re-allege all of the allegations set forth in paragraphs First through Fiftieth above.

**SEVENTY-FIRST:** That after Plaintiff CRISTIAN ORTEGA-LIBREROS was arrested Defendants THE NASSAU OFFICERS, CORRECTION OFFICERS JOHN DOE 1-5, individually, owed Plaintiff CRISTIAN ORTEGA-LIBREROS the duty of care to keep Plaintiff physically safe.

**SEVENTY-SECOND:** That Defendants THE NASSAU OFFICERS, CORRECTION OFFICERS JOHN DOE 1-5, individually, breached that duty of care to Plaintiff CRISTIAN ORTEGA-LIBREROS by failing to provide medical treatment, withholding life-sustaining medication, and failing to protect PLAINTIFF from the elements despite numerous complaints by Plaintiff causing him serious physical injury including but not limited to pneumonia, exacerbation of chronic myelocytic leukemia, a white blood cell blast crisis, liver failure, kidney and general organ failure.

**SEVENTY-THIRD:** That as a result of the above referenced negligent actions, Plaintiffs sustained mental and pecuniary losses and losses of enjoyment of life and his organs/body was indeed, taxed and his life expectancy shortened by the trauma to his body.

**SEVENTY-FOURTH:** That as a result of the above negligence, Plaintiffs demand judgment against the Defendants in the amount of Five-Hundred Thousand ($500,000.00) dollars.

**COUNT VI**

**PLAINTIFF CRISTIAN ORTEGA-LIBREROS' CLAIM AGAINST DEFENDANTS P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL**

**SIARKOWICZ NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, INDIVIDUALLY, PURSUANT TO 42 U.S.C. § 1983 and/or COMMON LAW NEW YORK STATE CLAIMS FOR EXCESSIVE FORCE.**

**SEVENTY-FIFTH:** Plaintiffs repeat, reiterate and re-allege all of the allegations set forth in paragraphs First through "SEVENTY FOURTH" above.

**SEVENTY-SIXTH:** On December 30, 2016, Defendants, P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ arrested Plaintiff CRISTIAN ORTEGA-LIBREROS, without cause or grounds therefore then placed handcuffs on Plaintiff so tight so as to cause Plaintiff substantial physical pain to the wrist area of both of Plaintiff's wrists and they refused to loosen said handcuffs despite numerous complaints by Plaintiff that said handcuffs were too tight and causing Plaintiff pain.

**SEVENTY-SEVENTH:** That Plaintiff CHRISTIAN ORTEGA did not move or attempt to use any force in response, did not resist the force being used upon him, nor did he have an opportunity to, as P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ used excessive force in violation of Plaintiff CHRISTIAN ORTEGA's Fourth and Fourteenth Amendment rights pursuant to the United States Constitution and/or Article I, §§ 6, 12 rights under the New York State Constitution and by effectuating an unauthorized arrest without probable cause or grounds therefore to believe that Plaintiff ORTEGA committed a crime and/or placing handcuffs on Plaintiff so tight so as to cause Plaintiff substantial physical pain to the wrist area of both of Plaintiff's wrists and they refused to loosen said handcuffs despite numerous complaints by Plaintiff that said handcuffs were too tight and causing Plaintiff pain.

**SEVENTY-EIGHTH:** That Defendants P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ used excessive force against Plaintiff CHRISTIAN ORTEGA with knowledge that Plaintiff CHRISTIAN

ORTEGA did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore, further, the Defendants failure to loosen the tight handcuffs was excessive and caused serious physical injury.

**EIGHTY-FIRST:** By receiving Plaintiff's repeated requests for Plaintiff's required chemotherapy medication, Defendants had subjective knowledge that if Plaintiff did not receive said medication, he would be at risk of serious harm.

**EIGHTY-SECOND**: Plaintiff was neglected and refused treatment and medical care until his condition degraded into pneumonia and blast crisis. This is all due to the excessive force and negligence by the Defendants herein.

**EIGHTY-THIRD:** that by reason of the foregoing, the Plaintiff demands judgment against the Defendants in the amount of One Million ($1,000,000.00) dollars and/or punitive damages in the amount of Two Million ($2,000,000.00) dollars.

## ***COUNT VII***

### ***42 USC § 1983 CLAIM AGAINST P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, individually FOR DEPRIVATION OF HIS FOURTH AMENDMENT RIGHTS AND NY STATE CONSTITUTIONAL RIGHTS***

***EIGHTY-FOURTH: Plaintiff repeats, reiterates and realleges all of the allegations set forth above.***

***EIGHTY-FIFTH: That on or about March 4, 2018, Defendants, COUNTY OF NASSAU and P.O. RICHARD MOSBACK, and DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICER JOHN DOE 1-5, P.O. (herein, to be referred to by name or "the Nassau officer") were employees, agents, and/or servants of the COUNTY OF NASSAU, acting within the scope of their employment with the Nassau County Police Department.***

***<u>EIGHTY-SIXTH:</u>* That on or about March 4, 2018, at approximately 3:44 p.m., Plaintiff, CRISTIAN ORTEGA-LIBREROS, was driving his vehicle at exit 28A of the eastbound Southern State Parkway in Seaford, New York, when he was stopped by P.O. RICHARD MOSBACK.**

***<u>EIGHTY-SEVENTH:</u>* That the Plaintiff, CRISTIAN ORTEGA-LIBREROS was stopped by THE NASSAU OFFICER for a routine traffic infraction.**

***<u>EIGHTY-EIGHTH:</u>* That Defendant, THE NASSAU OFFICER did not witness the alleged violation but was acting on a report of P.O. IMONDI.**

***<u>EIGHTY-NINTH:</u>* That Defendant, THE NASSAU OFFICER lacked probable cause to order Plaintiff to exit his vehicle.**

***<u>NINETIETH:</u>* That Defendant, THE NASSAU OFFICER lacked probable cause to detain Plaintiff during the traffic stop.**

***<u>NINETY-FIRST:</u>* That Defendant, THE NASSAU OFFICER lacked probable cause to seize and search Plaintiff's vehicle.**

***<u>NINETY-SECOND:</u>* That Defendant, THE NASSAU OFFICER's acts were objectively unreasonable.**

***<u>NINETY-THIRD:</u>* That Defendant, THE NASSAU OFFICER's actions violated Plaintiff's Fourth Amendment rights to be secure in his person and effects against unreasonable searches and seizures.**

***<u>NINETY-FOURTH:</u>* That Defendant, THE NASSAU OFFICER's deprivation of Plaintiff's rights caused Plaintiff damages.**

***<u>NINETY-FIFTH:</u>* That the actions of the Defendants caused damages to Plaintiff in loss of liberty, embarrassment, humiliation, pain, suffering, mental and emotional distress.**

***<u>NINETY-SIXTH:</u>*** ***That Defendant, THE NASSAU OFFICER acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff, CRISTIAN ORTEGA-LIBREROS, of his Constitutional Rights. As a result of the nature of Defendant's conduct, Plaintiff is entitled to recover punitive damages against the individual defendant.***

***<u>Count VIII</u>***

***42 USC § 1983 CLAIM AGAINST P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, individually FALSE ARREST AND FALSE IMPRISONMENT***

***<u>NINETY-SEVENTH:</u>*** ***Plaintiff repeats, reiterates and re-alleges all of the allegations in the paragraphs First through Ninety-Sixth set forth above as if they appeared here.***

***<u>NINETY-EIGHTH:</u>*** ***That on or about March 4, 2018, Defendants, COUNTY OF NASSAU and P.O. RICHARD MOSBACK, DETECTIVE JAMES HOWE, JR., DETECTIVE MICHAEL SIARKOWICZ, and NASSAU COUNTY CORRECTIONS OFFICERS JOHN DOE 1-5, P.O. (herein, to be referred to by name or "the Nassau Officers") were employees, agents and/or servants of the COUNTY OF NASSAU, acting within the scope of their employment with the Nassau County Police Department.***

***<u>NINETY-NINTH:</u>*** ***That on or about March 4, 2018, the Defendants prepared formal accusatory instruments formally charging the Plaintiff, CRISTIAN ORTEGA-LIBREROS, with the charges of Criminal Possession of Marihuana in the Second Degree pursuant to Penal Law § 221.25, with knowledge that there was no probable cause.***

***<u>HUNDREDTH:</u>*** ***That the Defendants prepared and filed these charges against Plaintiff, CRISTIAN ORTEGA-LIBREROS in spite of the fact they knew the marihuana was found in an illegal search, causing Plaintiff, CRISTIAN ORTEGA-LIBREROS, to be***

***deprived of his liberty, his right to not have his person seized, his right to be secure in his person and his effects knowing they had no cause or grounds to do so.***

***<u>ONE HUNDRED FIRST:</u> That Plaintiff, CRISTIAN ORTEGA-LIBREROS was subsequently arraigned on said charge(s).***

***<u>ONE HUNDRED SECOND:</u> That the charges were filed with malice and were continued to remain with malice and knowledge that the charges were false, without cause or grounds therefore.***

***<u>ONE HUNDRED THIRD:</u> That on or about July 2, 2018 the Honorable Erica L. Prager signed a Short Form Order CPL §180.50 Reduction, reducing the felony charge of 221.25 to §221.05 and §240.20(7).***

***<u>ONE HUNDRED FOURTH:</u> That the Defendant, COUNTY OF NASSAU, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees; agents and/or servants; failed to prevent the aforesaid pain and suffering, defamation, incarceration and permanent physical and/or psychological injuries to the Plaintiff; and were otherwise reckless, careless, and negligent in their actions.***

***<u>ONE HUNDRED FIFTH:</u> The traffic stop did not entitle the officers to pull the Hispanic Plaintiff out of his car and to search the car. The story that they saw a corner of a plastic bag is false and still would not give them the right to search the car. The story that they could see the marihuana on the floor under a coat in a bag inside a bag is utterly ridiculous and clearly a fabrication.***

***ONE HUNDRED SIXTH: While acting under state law, all aforementioned officers discriminated against the Plaintiff due to his race and did so because he was a minority and***

***therefore, there would be no ramifications for arresting him, abusing him and leaving him for dead.***

**WHEREFORE**, Plaintiff demands judgment pursuant to 42 United States Code, Section 1983 and for attorneys' fees under section 1988, and for his State Common Law claims, for monetary compensation, for pain and suffering and loss of reputation and punitive damages; and on all Claims, in the amount of Eleven Million Five-Hundred Thousand dollars ($11,500,000.00) against the Defendants, for whatever further and other relief this court deems just and proper, together with the costs, disbursements of this action.

Dated: ***Islip***, New York
March 3, 2021

Yours, etc.,

***LAW OFFICES OF FRANK C. PANETTA, ESQ., P.C.***
***Attorneys for Plaintiff***
***C/O Ariel Aminov***
***670 Main Street***
***Islip, New York 11501***
***(516) 683-8880 (Ext 1)***

By: ___________________________________
FRANK C. PANETTA
*panettalaw@aol.com*