UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHRISTIAN R. ORTEGA-LIBREROS,

                    Plaintiff,

                 -against-

COUNTY OF NASSAU *et al.*,

                    Defendants.

------------------------------------------------------------------X

                                  **REPORT AND**
                                  <u>**RECOMMENDATION**</u>

                                  19-cv-03114 (NRM) (JMW)

**A P P E A R A N C E S:**

Frank C. Panetta, Sr., Esq.
**Panetta Aminov, P.C.**
670 Main Street
Islip, NY 11751
*Attorney for Plaintiff*

Brian P. McLaughlin, Esq.
**Office of the Nassau County Attorney**
1 West Street, Suite 263
Mineola, NY 11501
*Attorney for Defendants County of Nassau, P.O. Richard Mosback,*
*Detective James Howe, Jr., and Detective Michael Siarkowicz*

*No appearance for Nassau County Corrections Officers John Doe 1-5 and Medical Personnel*
*John Doe's 1-5*

**WICKS,** Magistrate Judge:

Plaintiff, Christian Ortega-Libreros,[1] filed this action pursuant to 42 U.S.C. § 1983 against the County of Nassau, Police Officer Richard Mosback, Detectives James Howe, Jr. and Michael Siarkowicz, and Nassau County Officers and other County personnel for violating his Eighth Amendment right against cruel and unusual punishment, violation of due process pursuant to the Fourteenth Amendment, municipal liability, as well as claims of negligence and excessive force. Each of these claims arise out of his arrest and the alleged lack of medical treatment he received while in custody.

Before the Court is Plaintiff's motion to amend the Complaint (ECF No. 53), which was filed beyond the court-ordered deadline to do so, in which he seeks to add three claims, namely, a deprivation of his constitutional rights under the Fourth Amendment of the U.S. Constitution as well as the New York State Constitution[2]; false arrest and false imprisonment; and a malicious prosecution.  This motion was referred to the undersigned by the Hon. Nina R. Morrison for a Report and Recommendation.  Having considered the parties' submissions, including oral argument held on September 6, 2023, the undersigned respectfully recommends that Plaintiff's motion to amend (ECF No. 53) be denied.

## FACTUAL BACKGROUND

The following facts are drawn from the original, operative Complaint.  (ECF No 1.) Plaintiff alleges that he was driving eastbound on the Southern State Parkway in Seaford, New highway on March 4, 2018 when he was stopped by Officer Richard Mosback for a traffic

---

[1] The undersigned notes that Plaintiff's name has been spelled "Cristian" on his filings but the caption spells his name as "Christian."

[2] Plaintiff fails to identify the particular provision of the New York State Constitution relied upon.  (*See generally* ECF No. 53.)

infraction.[3]  The stop, however, ultimately led to his arrest for marijuana possession.  (*Id.* at 5.) He further asserts that on the day following his arrest, he was transferred to another facility for his arraignment and was forced to remain outdoors in the cold weather for a long period of time "without a coat, jacket, or any other form of protective clothing."  (*Id.*)  He states that despite his requests for protection, he was blatantly ignored.  (*Id.*)

This exposure, he alleges, constituted cruel and unusual punishment and neglect for prisoners in custody.  As a result of this mistreatment, Plaintiff suffered mental and physical injuries, specifically "pneumonia, exacerbation of chronic myelocytic leukemia, a white blood cell blast crisis, liver failure, kidney and general organ failure."  (*Id.* at 6.)  He was admitted to the hospital on March 14, 2018.  (*Id.*)

Plaintiff was previously diagnosed with "Chronic Myelogenous Leukemia" in 2016 and has since been receiving chemotherapy and daily medication.  (*Id.* at 7.)  He states that he informed medical personnel at the Nassau County Correctional Facility of his condition and that he required medication, but they failed to provide him with the necessary treatment for four days while in Defendants' custody.  (*Id.* at 8.)  Failure to provide this medication resulted in "unnecessary pain, kidney failure, and worsening of Plaintiff's…condition."  (*Id.*)  Specifically, Plaintiff alleges that he was weak and unable to keep food in his stomach and had to go to the emergency room.  (*Id.* at 10.)

Finally, Plaintiff alleges that his handcuffs have been placed on his wrist so tight that he sustained "substantial physical pain" and Defendants refused to loosen them despite Plaintiff's requests to do so.  (*Id.* at 14.)  Such "excessive force," he claims, amounted to a Fourth and Fourteenth Amendment violation.  (*Id.*)

---

[3] Plaintiff's proposed amended complaint's states that he was pulled over for a missing license plate. (ECF No. 53 at 5.)

## PROCEDURAL BACKGROUND

On May 24, 2019, Plaintiff filed his Complaint.  (ECF No. 1.)  All appearing Defendants

filed their Answer on August 21, 2019 denying the allegations in the Complaint, asserting a host

of affirmative defenses.  (ECF No. 13.)  Discovery proceeded under the supervision of

Magistrate Judge Lindsay, and is outlined below for context:

| Date | Event | Description |
|------|-------|-------------|
| **January 29, 2020** | *Electronic Order* setting discovery schedule | Magistrate Judge Arlene R. Lindsay set the deadline for amendment of the pleadings to July 1, 2020. |
| **February 19, 2021** | *Electronic Order* regarding Plaintiff's motion seeking, *inter alia*, leave to amend the complaint (ECF No. 24) | Judge Lindsay denied the motion with leave to renew because Plaintiff failed to provide a copy of the proposed amended pleading or reference legal support. |
| **April 7, 2021** | *Electronic Order* regarding Plaintiff's motion to amend the complaint (ECF No. 25) | Judge Lindsay again denied Plaintiff's request with leave to renew since Plaintiff failed to outline the facts or claims he seeks to add and again failed to add legal support. |
| **June 28, 2021** **ECF No. 28** | Status Conference before the undersigned[4] | Parties advised the court that they have concluded discovery with the exception of Defendants' production of three officers' personnel files. |
| **September 20, 2021; October 14, 2021** **ECF No. 32** | Plaintiff filed a motion for a pre-motion conference to re-open discovery and opposition to Defendants' letter motion to dismiss the complaint | Judge Azrack granted Plaintiff's request for a conference concerning his cross-motion request. |
| **October 27, 2021** **ECF No. 33** | Pre-Motion Conference before Judge Azrack | Judge Azrack afforded the parties 90 days to complete discovery. |
| **December 7, 2022** **ECF No. 42** | Joint motion for extension of time to complete discovery | The undersigned granted Defendants' motion to complete all discovery by March 7, 2023 and set a status conference. |
| **January 19, 2023** **ECF No. 45** | Joint status report | Plaintiff outlined the status of discovery and stated that he intended to request leave to amend his complaint to have the pleadings conform to the proof.  He further stated that depositions brought to light the illegal search and plaintiff alleges the |

---

[4] The case was reassigned from Judge Lindsay to the undersigned on May 25, 2021.  (*See* Electronic Order dated May 25, 2021.)

| | | named arresting officers perjured themselves at the depositions. |
|---|---|---|
| **February 8, 2023**<br>**ECF No. 46** | Status Conference | Parties stated that they are working to complete all fact discovery by the March 7, 2023 deadline. If Plaintiff still intended on amending the pleading, the Court directed him to prepare a draft of the proposed amended pleading and provide it to Defendants by February 17, 2023. Parties were to then file a letter stating whether Defendants consent or will oppose. |
| **February 24, 2023** | Electronic Order in response to Defendants' letter (ECF No. 48) | Defendants advised they will not be stipulating to the amended pleading, so the Court directed them to propose a briefing schedule. |
| **March 5, 2023** | Electronic Order in response to parties' briefing schedule (ECF No. 50) | The Court adopted the briefing schedule which was to be filed when the last paper was served. |
| **July 3, 2023**<br>**ECF Nos. 53-55** | Motion, Opposition, and Reply | After several extensions, parties bundle filed their motion papers. |

Plaintiff's motion was referred to the undersigned by the Hon. Nina R. Morrison on July 5, 2023. (Electronic Order July 5, 2023.) Oral argument was held on the motion.[5] During Oral Argument, the undersigned afforded the parties an additional opportunity to file a letter brief outlining cases and citations regarding whether a guilty plea would eradicate Plaintiff's proposed claims and to gather deposition testimony giving rise to the newly proposed claims. (*See* ECF No. 56.) Both parties filed their respective supplemental filings. (ECF Nos. 57 and 58.) By the time Plaintiff's motion and supplemental papers were filed, it had been three years after the original deadline for motions to amend and more than two years since it had initially filed motions to amend in 2021.

---

[5] *See generally* Recording of Oral Argument at 11:16-11:43, *Ortega-Libreros v. County of Nassau et al*, No. 19-cv-3114 (NRM) (JMW) (E.D.N.Y. Sept. 6, 2023) (ECF No. 56) ("Oral Argument").

## DISCUSSION

Plaintiff seeks to include new claims, to wit: (1) a deprivation of his Fourth Amendment and New York State constitutional rights against Defendants Mosback, Howe, Jr., Siarkowicz, and Nassau County Corrections Officers John Doe 1-5, based on the argument that the stop and subsequent arrest were pretextual and Defendants lacked probable cause to search his car; (2) a false arrest and false imprisonment claim against Defendants Mosback, Howe Jr., Siarkowicz, and Correctional Officers John Doe 1-5 stating that Defendants acted without probable cause and fabricated the charges against him; and (3) a malicious prosecution claim against Defendants Mosback, Howe, Jr., Siarkowicz, and Nassau County, specifically alleging that they fabricated a story that they were able to see the bag of marijuana, which led to his unlawful arrest. (ECF No. 53 at 19-23.)

## LEGAL FRAMEWORK

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court shall freely give leave when justice so requires." Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Communs Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019) (internal quotations and citations omitted). The moving party must attach the proposed amended complaint to the motion, as was done here, specifying the new claims and/or parties intended to be added. *See*

*Nabatkhorian v. County of Nassau*, No. 12-CV-1118 (JS) (GRB), 2012 WL 13113646, at *1

(E.D.N.Y. Aug. 9, 2012).

The Second Circuit has clarified the standard to be applied by the District Courts in

considering motions for leave to amend dependent upon the timing of the proposed amendment:

> The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of
> the Federal Rules of Civil Procedure which, when read together, set forth three
> standards for amending pleadings that depend on when the amendment is sought.
> At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant
> to Rule 15(a)(1) as of right without court permission. After that period ends—either
> upon expiration of a specified period in a scheduling order or upon expiration of
> the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court
> for leave to amend, but the court should grant such leave "freely . . . when justice
> so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive"
> standard, and the only "grounds on which denial of leave to amend has long been
> held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or]
> futility." The period of "liberal" amendment ends if the district court issues a
> scheduling order setting a date after which no amendment will be permitted. It is
> still possible for the plaintiff to amend the complaint after such a deadline, but the
> plaintiff may do so only up [to] a showing of the "good cause" that is required to
> modify a scheduling order under Rule 16(b)(4).

*Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021); *see also Johnson v. Barnett Outdoors, LLC*, No.

21-CV-6311 (MJP), 2023 U.S. Dist. LEXIS 208011, at *4 (W.D.N.Y. Nov. 20, 2023) (stating that

Rule 15(a)'s standard must be balanced with Rule 16(b)'s good cause standard).

## I.    *Would the proposed claims be time barred, thus futile?*

Before addressing the relative merits of Plaintiff's proposed new claims, the undersigned

first addresses whether those claims would be barred by the applicable statutes of limitation.

Defendants state that the claims are time-barred because they are based on a March 4, 2018

arrest.  (ECF No. 54-1 at 3.)  However, Plaintiff argues that because the new claims arise from

the same transaction or occurrence, the court can refer to the "relation back doctrine."  (ECF No.

55 at 6.)

Section 1983 claims filed in New York are dictated by a three-year limitations period. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). The clock begins to accrue "from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015).

Rule 15(c)(1)(A), however, permits an amended pleading to relate back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Here, we look to the statute of limitations for a § 1983 case which is provided by state law. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). New York State law's relation back doctrine, codified in CPLR § 203(f), states that parties can add claims after the statute of limitation expires if the new claim "relates back to the allegations of the original complaint." *Pope v. City of New York*, 2023 N.Y. Slip Op. 30871, at 6 (N.Y. Sup. Ct. 2023). In order to relate back, the claim in the original complaint and the new complaint must have arisen "out of the same conduct, transaction or occurrence." *Id.*

Here, the proposed new claims arise out of the same "conduct transaction or occurrence" as those of the original complaint. Both sets of claims originate from the event that occurred on March 4, 2018. Specifically on that day, he was directed to exit the vehicle, which was then illegally searched and he was subsequently arrested and arraigned in what he describes as terrible conditions leading to the declination of his health. (*See generally* ECF No. 1.) For these reasons, the undersigned finds that the relation back doctrine would apply and now looks to the futility of each of the proposed claims separately.

## II.     Even if timely, are the proposed claims futile?

An amendment is futile if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The Supreme Court clarified the

appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)). The Court looks to the claims below with this framework in mind.

## A. FIRST PROPOSED CLAIM: Deprivation of Fourth Amendment and New York State Constitutional Rights

Plaintiff seeks to add a claim alleging that Defendants deprived him of his Fourth Amendment and New York State Constitutional rights pursuant to 42 U.S.C. § 1983, specifically asserting that he was stopped pretextually, and Defendants lacked probable cause for stopping him, asking him to exit the vehicle, and seizing and searching the vehicle. (ECF No. 53 at 19-20.) He states that the officers "pulled him over due to a missing license plate, then searched his back seat, picking up a jacket to reveal his personal marijuana—a known appetite stimulant and anti-nausea solution for those on pills/chemotherapy." (*Id.* at 5.) Upon finding that bag of marijuana, he was charged with § 221.25 of the New York Penal Law. (*Id.* at 8.) Plaintiff alleges that the officers' actions amounted to a violation of his Fourth Amendment rights to be secure in his person and effects against unreasonable searches and seizures. (*Id.* at 20.)

9

The federal vessel for each of Plaintiff's constitutional claims is Section 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

"[S]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred[.]" *Schuloff v. Queens Coll. Found., Inc.*, 165 F.3d 183, 184 (2d Cir. 1999) (internal quotation marks omitted). A plaintiff asserting a section 1983 claim must establish that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."[6] *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

Under § 1983, liability may only be imposed upon those who caused a deprivation of rights, meaning personal involvement of each defendant in the alleged constitutional violation is a necessary element. *Lehman v. Kornblau*, 134 F. Supp. 2d 281, 288 (E.D.N.Y. 2001) (citations omitted). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Adames v. Cnty. of Suffolk Court*, No. 18-CV-4069 (JS) (SIL), 2019 WL 2107261, at * 4 (E.D.N.Y. May 14, 2019) (holding that "a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity

---

[6] Plaintiff attempts to make a claim pursuant to section 1983 alleging a deprivation of his New York State Constitution rights. However, this claim cannot stand under section 1983, which only deals with claims arising under the United States Constitution. And, as mentioned in an earlier footnote, Plaintiff does not allege which section(s) of the New York Constitution was violated.

must sufficiently plead that the supervisor was personally involved in the alleged constitutional deprivation") (internal quotation marks and citation omitted).

> Supervisor liability under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (internal quotation marks and citation omitted.); *see also Quartararo v. Catterson*, 917 F. Supp. 919, 932 (E.D.N.Y. 1996) (same); *see also Stancati v. Cnty. of Nassau*, No. 14-CV-2694 (JS) (ARL), 2015 WL 1529859, at *3 (E.D.N.Y. Mar. 31, 2015) (finding that a supervisory official, not personally involved in the alleged constitutional violation, may still be held liable if he created a policy or custom under which the unconstitutional practice occurred or allowed such a policy or custom to continue); *Butler v. Suffolk Cnty.*, 289 F.R.D. 80, 94 (E.D.N.Y. 2013) (holding that a supervisory official can be held liable for an award of damages under § 1983 "if he participated directly in the alleged constitutional violation or created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom") (internal quotation marks and citation omitted).  However, "[c]onclusory assertions of the personal involvement of a supervisory official in a deprivation of constitutional rights, without supporting factual allegations, are insufficient."  *Lilly v. Hall*, No. 16-CV-242 (LJV), 2019 U.S. Dist. LEXIS 10152, at *11 (W.D.N.Y. Jan. 22, 2019).

Turning to the specific traffic infraction at issue—the front missing license plate, New York law dictates that all vehicles must have a front *and* rear license plate:

> No person shall operate, drive or park a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the

commissioner and a set of number plates issued by the commissioner with a number and other identification matter if any, corresponding to that of the certificate of registration conspicuously displayed, *one on the front and one on the rear of such vehicle*….

Veh. & Traf. 402(1)(a) (emphasis supplied).

An officer may stop a driver for a traffic infraction. *Harper v. Town of Newburgh*, No. 18-cv-2647 (PED), 2020 U.S. Dist. LEXIS 39479, at *19-20 (S.D.N.Y. Mar. 6, 2020) ("When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle.") (citing *United States v. Scopo*, 19 F.3d 777, 782 (2d Cir. 1994)).  Because a traffic stop is effectively a seizure of the occupants of the vehicle, the stop must be conducted in accordance with the Fourth Amendment's reasonableness requirement.  *Harper*, 2020 U.S. Dist. LEXIS 39479 at *18-19.  "Traffic stops are presumptively reasonable under the Fourth Amendment if the officer has probable cause to believe that a traffic infraction has occurred." *Id.* at *19 (citing *United States v. Foreste*, 780 F.3d 518, 523 (2d Cir. 2015)).

Here, because Plaintiff did not have a front license plate in accordance with New York law, the officers had probable cause to stop the vehicle.

Regarding the subsequent search of a vehicle, a "search" occurs when "police seek information by intruding on a person's reasonable expectation of privacy or by means of trespassing upon one's person, house, papers, or effect." *Sutter v. Dibello*, No. 18-CV-817(SJF)(AKT), 2021 U.S. Dist. LEXIS 46312, at *86-87 (E.D.N.Y. Mar. 10, 2021) (citing *United States v. Smith*, 967 F.3d 198, 205 (2d Cir. 2020)).

Plaintiff states in the proposed Complaint that Defendants Mosback, Howe, Jr., Siarkowicz, and the Nassau County Corrections Officers John Doe 1-5 were employees of Nasau County acting within the scope of employment for the police department.  (ECF No. 53 at 19.)

He also asserts that Officer Mosback lacked probable cause to search the vehicle, resulting in a Fourth Amendment violation. (*Id.*)

However, Plaintiff ignores the existence of the probable cause to search. He was pulled over for a missing license plate and was searched *only after* seeing the bag of marijuana in plain view. "[I]f [f]rom their position outside the defendant's vehicle, and prior to conducting any search, the police observe[ ] a bag containing a substance that appear[s] to be marijuana inside the [vehicle], . . . the police ha[ve] probable cause' to search the 'defendant's entire [vehicle]" that would yield evidence of the object.[7] *Harper,* 2020 U. S. Dist. LEXIS 39479 at \*23-24 (citing *Ulerio v. City of New York*, No. 18-cv-2155 (GBD), 2018 WL 7082155, at \*5 (S.D.N.Y. Dec. 20, 2018)). This is otherwise known as the "plain view" exception to the Fourth Amendment's warrant requirement wherein officers can seize evidence if: "(1) the officer's initial intrusion was permissible under the fourth amendment; (2) the discovery of the evidence is 'inadvertent;' and (3) the incriminating nature of the evidence found is 'immediately apparent.'" *United States v. Scopo*, 19 F.3d 777, 782 (2d Cir. 1994).

Here, the officers, standing outside of Plaintiff's vehicle during the lawful traffic stop, "saw a corner of a plastic bag sticking out from under a 'black jacket'" in the back of the vehicle, which they believed to be marijuana based on its face. (ECF No. 53 at 8); (*see also* ECF No. 57 at 6) (Sgt. Mosback's Deposition Testimony) (stating that the bag was observed in "plain sight" and believed to be marijuana based on the appearance and texture). This provided the Defendants with probable to search the vehicle and ultimately seize the drugs. *See United States v. Cuevas*, No. 15-cr-846 (PKC), 2016 U.S. Dist. LEXIS 63009, at \*6-7 (S.D.N.Y. May 12,

---

[7] "Probable cause" involves looking to the facts and circumstances known to the officer(s) and whether they had "reasonably trustworthy information" to believe evidence of a crime will be found in the place to be searched. *See United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004).

2016) (noting that the police observed a bag containing what appeared to be marijuana in the car's console and finding that the police were entitled to lawfully seize the apparent drugs and legally search any part of the vehicle that would contain the drugs based on the plain view exception to the warrant requirement); *Kentucky v. King*, 563 U.S. 452, 462-63 (2011) ("[L]aw enforcement officers may seize evidence in plain view, provided that they have not violated the Fourth Amendment in arriving at the spot from which the observation of the evidence is made.") Thus, the facts under these circumstances should not negate the officers' rightful stop, search, and eventual seizure.

In addition to the plain view exception, the automobile exception also applies.  Officers are permitted to conduct searches on automobiles without a warrant if there is probable cause to believe that there is contraband within the vehicle.  *United States v. Samms*, No. 22-CR-130 (SVN), 2023 U.S. Dist. LEXIS 12492, at *27 (D. Conn. Jan. 25, 2023); *United States v. Milan-Colon*, No. 91-cr-685 (SWK), 1992 U.S. Dist. LEXIS 13781, at *60 (S.D.N.Y. Sept. 4, 1992) ("The law is well-settled that the police need not obtain a search warrant for an automobile when they have probable cause to believe that the vehicle contains contraband or evidence of specific criminal activity.").  Thus, Officer Mosback's stop, search, and seizure of the marijuana were all lawful and there was no violation of the Fourth Amendment.

The Court also notes that palpably absent from Plaintiff's proposed amended complaint is *any* indicia of personal involvement by the other Defendants (County Corrections Officers, Howe, and Siarkowicz) with regard to the deprivation of his Fourth Amendment rights.  Plaintiff merely states that Howe, Siarkowicsz, and Nassau County Corrections Officer John Doe 1-5 "were employees, agents and/or servants of the County of Nassau, acting within the scope of their employment with the Nassau County Police Department."  (ECF No. 53 at 19.)  He only

14

describes the allegedly unlawful actions of Officer Mosback but does not go into *any* detail regarding the other officers' participation in this Constitutional violation. *See Sutter,* 2021 U.S. Dist. LEXIS 46312 at *87 (granting defendants' motion to dismiss plaintiff's 1983 claim alleging deprivation of Fourth Amendment rights because plaintiff failed to allege any facts indicating defendant participated in the violation; failed to remedy a violation; created a policy or custom of unconstitutional practices or allowed such to continue; was grossly negligent or deliberately indifferent in supervising employees; or proximately caused the deprivation). Failure to allege any facts in connection with the other Defendants for this claim as alleged warrants a finding that Plaintiff's first proposed claim is futile.

## B.  SECOND PROPOSED CLAIM: False Arrest and False Imprisonment Claim

Plaintiff seeks to assert claims for false arrest and/or false imprisonment against Defendants Mosback, Howe Jr., Siarkowicz, and Nassau County Corrections Officers John Doe 1-5 for depriving him of his right not to be seized and be secure in his persona and effects though they lacked the appropriate grounds.  (ECF No. 53 at 20-22.)  A plaintiff must show the following elements to establish a false arrest or false imprisonment claim[8] pursuant to New York Law: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Doe v. City of New York*, No. 18-CV-670 (ARR) (JO), 2018 WL 3824133, at *4 (E.D.N.Y. Aug. 9, 2018).

"Probable cause 'is a complete defense to an action for false arrest' brought under New York law or § 1983." *Ackerson v. City of White Plains*, 702 F.3d 15, 20 (2d Cir. 2012) (citing

---

[8] False arrest is a form of false imprisonment.  *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("The common law tort of false arrest is a species of false imprisonment[.]"); *see also Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011) (stating that under New York law, claims for false arrest and false imprisonment are the same and the same under section 1983).

*Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996)).  An arrest without a warrant is "presumed to be unlawful, and the defendant has the burden of proving legal justification as an affirmative defense," thus mere allegations that the plaintiff was arrested "without just cause of provocation" are sufficient at the pleading stage.  *Id.*  (internal quotation marks omitted).

However, an arrest based on probable cause is considered "privileged," and it is the defendant's "burden of proving that probable cause existed for the plaintiff's arrest."  *Case v. City of N.Y.*, 233 F. Supp. 3d 372, 384-85 (S.D.N.Y. 2017).  Further, a criminal conviction is "conclusive evidence" of probable cause even if obtained through a guilty plea.  *Weyant*, 101 F.3d at 852; *see also Croft v. Greenhope Servs. For Women, Inc.*, No. 13-CV-2996, 2013 WL 6642677, at *5 (S.D.N.Y. Dec. 17, 2013).

Plaintiff alleges that Defendants formally charged him with Criminal Possession of Marijuana in the Second Degree under N.Y. PENAL L. § 221.25 and seized the marijuana during an illegal search.  (ECF No. 53 at 21.)  He further states that "the charges were filed with malice" and "were false, without cause or grounds therefore."  (*Id.*)  Finally, he alleges that the Defendant County failed to prevent this occurrence by training or supervising its employees properly and were thus negligent.  (*Id.*)  He states that the story that the officers saw a plastic bag is fabricated and that he was discriminated against based on his race.  (*Id.*)

However, Defendants' probable cause acts a complete defense against Plaintiff's claim of false arrest/imprisonment.  In addition, Plaintiff admits that he "signed a Short Form order CPL § 180.50 Reduction, reducing the felony charge…."  (ECF No. 53 at 21.)  This reduction suffices as a guilty plea for existence of probable cause and is fatal to Plaintiff's claim, making it futile. (ECF No. 54-1 at 4); *Young v. Lugo*, No. 18-CV-04216 (JS) (JMW), 2021 U.S. Dist. LEXIS

241460, at *14 (E.D.N.Y. Dec. 17, 2021) (noting that defendant bears the burden to show probable cause existed via an affirmative defense).

### C. THIRD PROPOSED CLAIM: Malicious Prosecution Claim

Defendants argue that this claim is futile given Plaintiff's guilty plea which is not a favorable termination for Plaintiff so his claim cannot survive.  (ECF No. 54-1 at 4.)  Plaintiff, however, alleges that Defendants Mosback, Howe, Jr., Siarkowicz, and Nassau County knew they did not have probable cause yet still charged him and intended to deprive him of his right to be free from unreasonable seizures. (ECF No. 53 at 22.)

A section 1983 claim for malicious prosecution looks to the relevant state common law, which is New York law.  *Gonzalez v. City of Schenectady*, 728 F.3d 149, 162 (2d Cir. 2013). "The plaintiff must establish that (1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice."  *Martin v. Albany*, 364 N.E.2d 1304, 1307 (N.Y. 1977); *see also Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000).

Related to the first element of malicious prosecution "for a civilian defendant to be considered to have initiated the criminal proceeding, it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  *Udechukwu v. City of New York*, 333 F. Supp. 3d 161, 170 (E.D.N.Y. 2018) (quotations omitted).

"Actual malice does not require a plaintiff to prove that the defendant was motivated by spite or hatred, but instead that he initiated the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served."  *Castro v. Cnty. of*

*Nassau*, 739 F. Supp. 2d 153, 170 (E.D.N.Y. 2010) (internal quotation marks omitted) (citing *Rounseville v. Zahl*, 13 F.3d 625, 630 (2d Cir. 1994)).  Actual malice may be—and indeed typically is—shown by circumstantial evidence, including a lack of probable cause.  *Id.* (citation omitted).  However, probable cause is a complete defense to a claim for malicious prosecution.  *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003).

And "[o]ne of the requirements of a Section 1983 claim for malicious prosecution is that the plaintiff must have suffered a deprivation of his Fourth Amendment rights, i.e., the plaintiff must have been seized in relation to the specific proceeding alleged to be malicious."  *Callahan v. City of New York*, 90 F. Supp. 3d 60, 71 (E.D.N.Y. 2015).

Here, Plaintiff cannot satisfy *any* of the malicious prosecution elements.  Specifically, he fails to allege that any of the Defendants played an active role in the prosecution of his case to hold them accountable.  Plaintiff alleges that he was pulled over by Mosback and Mosback searched the vehicle.  He states only in a conclusory fashion that the officers prepared charges "with malice and the intent of depriving" him of his liberty and fabricated the story about the plastic bag.  (ECF No. 53.)  However, Plaintiff does not allege that any of the Defendants gave advice or encouragement prompting them to act against the Plaintiff.  *See Jordan v. Pisano,* 194 N.Y.S.3d 713 (Sup. Ct. 2023) (finding that the amended complaint did not plead any facts establishing that the officer was responsible for plaintiff's prosecution since it failed to allege what the officer did to make him liable for malicious prosecution and would not rise to "actual malice"); *Bonadies v. Town of Amenia,* No. 19-CV-10890 (VB), 2020 U.S. Dist. LEXIS 158769, at *26 (S.D.N.Y. Aug. 31, 2020) ("[P]laintiff's conclusory allegations fail to suggest defendants initiated criminal proceedings against him to deprive him of his personal liberty or property."); *Young v. Lugo*, No. 18-CV-04216 (JS) (JMW), 2023 U.S. Dist. LEXIS 19827 at *29 (E.D.N.Y.

Feb. 6, 2023) (finding that plaintiff fails to state a claim for malicious prosecution because plaintiff did not allege that defendant played any role in the prosecution against him). Furthermore, Defendants' defense of probable cause forecloses his claim. And finally, there is no indication that the Defendants had an improper motive to seize Plaintiff or his vehicle nor is there evidence that he prevailed in this prosecution to satisfy elements two and four.

For this reason, it is respectfully recommended that the Court find that the proposed amendments fail to state a claim for malicious prosecution. Accordingly, for the reasons outlined above, the Court finds that adding these any of these newly proposed claims would be futile, and therefore leave to amend should be denied. However, in the event that the District Judge disagrees with this recommendation, the Court next considers whether Plaintiff has established "good cause", taking into account the delay, alleged bad faith, and undue prejudice as advanced by Defendants.

### III.    Whether Good Cause Has been Shown, and if Delay, Bad Faith, and Undue Prejudice Should Bar Amendment

Since this motion is filed after the deadline set by the Court to amend the pleadings, Plaintiff must establish "good cause" and the window for "liberal amendment" has closed. *Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021). Here, as outlined above, and set forth below, Plaintiff has failed to establish good cause to justify the proposed amendment at this juncture. Nevertheless, the Court must balance Rule 15(a)'s standard with Rule 16(b)'s "good cause" requirement. *Johnson v. Barnett Outdoors, LLC*, No. 21-CV-6311 (MJP), 2023 U.S. Dist. LEXIS 208011, at *4.

Defendants oppose the addition of the new claims, on a myriad of grounds, to wit, the existence of bad faith, undue delay, and undue prejudice. (ECF No. 54 at 2.) Namely, there are no new facts supporting the motion to amend; the claims are based on an arrest that occurred five

years ago and are time barred; and adding these claims would be prejudicial, as it would change the case from a personal injury case to the legality of his arrest, search, and prosecution.  (*Id.*)  In turn, Plaintiff alleges that none of these claims will cause undue delay as this has always been pled as a section 1983 action so there will not be any repeated depositions or significant expenses incurred.  (ECF No. 55 at 9.)  Thus, Defendants have not shown how they will be prejudiced by the proposed amendments.  (*Id.* at 9-10.)

A court may deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, *and* the amendment would prejudice other parties." *Grace v. Rosenstock,* 228 F.3d 40, 53-54 (2d Cir. 1999) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)); *State Techaers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, [] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.").

Even years after the discovery deadline has passed, courts have nevertheless granted leave.  *See, e.g., Rachman Bag Co. v. Liberty Mut. Ins. Co*., 46 F.3d 230, 235 (2d Cir. 1995) (affirming district court's decision to grant leave to amend despite four-year delay although plaintiff did not offer a reason for delay but central issue in case changed throughout the litigation); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514 (PAC) (HBP), 2010 WL 445192, at *10 (S.D.N.Y. Feb. 8, 2010) (granting motion to amend despite delay of at least six months and noting that "courts frequently grant leave to amend after much longer periods of delay"). However, "[c]ourts will find that a party has not acted diligently where the proposed amendment is based on information the party knew, or should have known, in advance of the motion deadline" and therefore must provide an explanation for the delay.  *N.Y. SMSA Ltd. P'ship v. Town of Hempstead,* No. 10-CV-4997 (AKT), 2013 U.S. Dist. LEXIS 37833, at *12 (E.D.N.Y.

Mar. 19, 2013); *see also Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016); *Johnson v. Barnett Outdoors, LLC,* No. 21-CV-6311 (MJP), 2023 U.S. Dist. LEXIS 208011, at *5 (W.D.N.Y. Nov. 20, 2023) (noting that the burden of showing diligence rests on the party seeking to amend).

The undersigned notes at the outset that although the incident occurred over five years ago on March 4, 2018, this five-year delay does not in and of itself constitute a barrier to amendment. Plaintiff notified Defendants of his intention to amend in February and March 2021 (ECF Nos. 24 and 25), but his motion was denied with leave to renew. (Electronic Order dated Apr. 7, 2021.) Plaintiff only recently submitted his motion to amend on July 3, 2023. (ECF No. 53).

However, the undersigned does find that Plaintiff failed to act diligently because he had ample information to articulate his proposed amendment much earlier. *See Johnson v. Barnett Outdoors, LLC*, No. 21-CV-6311 (MJP), 2023 U.S. Dist. LEXIS 208011, at *5 (W.D.N.Y. Nov. 20, 2023) (finding that plaintiff did not act diligently since he "knew or should have known" of the information for his proposed amendments "long ago"). He cites to evidence cloaked as "newly discovered facts," but at Oral Argument admitted that these facts arose from depositions occurring months before. For instance, Defendants clarify that these depositions occurred in May 2021 and October 2020, that is, at least a year before the motion was made at best. (ECF No. 58 at 2.) Therefore, the evidence revealed during these depositions surrounding probable cause in this case does not amount to new evidence recently discovered but in fact, he possessed such facts months ago. *See Johnson*, 2023 U.S. Dist. LEXIS 208011 at *8 (denying plaintiff's motion to amend partially because he failed to explain the new information prompting his motion

and why "he can *only now* add to his complaint") (emphasis in original).  He had several

opportunities to request leave to amend his pleadings to conform to the proof yet did not do so.[9]

In Plaintiff's supplemental briefing, he points to additional "new evidence" that the New

York penal law has changed since individuals are no longer being prosecuted for possession of

marijuana of less than three ounces.  N.Y. PENAL L. § 222.05.  However, the change in law

became effective in March 2021, two years before Plaintiff brought this motion to amend.  (ECF

No. 57 at 1.)  Further, contrary to what Plaintiff argues that his marijuana possession charge is

subject to expungement—it is not.  Although other marijuana charges may be subject to

automatic expungement, the one Plaintiff was originally charged with— N.Y. PENAL L. §

221.25: criminal possession of marijuana in the second degree—is not one of them.  *See* N.Y.

Courts, *Cannabis (Marihuana) and Expungement Under New York State Law*,

https://www.nycourts.gov/courthelp/criminal/marihuanaExpunge.shtml (Feb. 10, 2023); *Heck v.

Humphrey*, 512 U.S. 477, 487 (1994) ("[I]n order to recover damages for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that

the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus.").[10]  Thus, the Court finds that

---

[9] These several opportunities are: (1) On February 18, 2021, Plaintiff requested motion for extension of time to amend the pleading but the motion was denied with leave to renew for failure to provide a copy of the proposed amended pleading or any legal support (ECF No. 24) and (2) on March 23, 2021, Plaintiff again filed a motion to amend the complaint but it was denied for failure to provide an outline of newly proposed claims or legal support for such amendment (ECF No. 25).

[10] Plaintiff's argument that the law change to his charge applies retroactively similarly holds no water. "Statutes dealing with matters other than procedure are not to be applied retroactively absent a plainly manifested legislative intent to that effect. The rule recognizes that people guide their affairs in the light of existing laws and that it would be unfair to defeat the expectations, rights, and liabilities arising under

Plaintiff sat on this claim and could have moved to amend his complaint as early as February 2021, after his initial request to amend the pleadings was denied.  (ECF No. 24; Electronic Order dated Feb. 19, 2021.)

When it comes to bad faith, "[w]hile not much case law exists in this Circuit about what constitutes bad faith for the purpose of denying a motion for leave to amend a pleading, a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith."  *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3841841, at *5 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017).  However, naked assertions of bad faith are insufficient.

Here, Defendants argue that "[a]s these newly-asserted claims are all based on an arrest that is more than 5 years old, and not any newly-discovered facts, there is no reasonable excuse for Plaintiff just now asserting them, other than bad faith and/or a dilatory motive."  (ECF No. 54 at 2.)  However, this is the type of conclusory assertion that courts in this Circuit often reject. *See Randolph Foundation v. Duncan,* No. 00-cv-1172, 2002 WL 32862, at *3 (S.D.N.Y. Jan. 11, 2002) ("[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith."); *Primetime 24 Joint Venture v. DirecTV, Inc.*, No. 99-cv-3307, 2000 WL 426396, at *5 (S.D.N.Y. April 20, 2000)

---

those laws by subsequent retroactive changes." *People v. Oliver*, 134 N.E.2d 197, 200 (N.Y. Ct. App. 1956).  Here, Plaintiff was originally charged with N.Y. PENAL L. § 221.25 and then his charge was later reduced to § 221.15.  However, neither party cites to support demonstrating that the legislature did or did not intend for it to be applied retroactively.  Thus, without any explicit guidance regarding this Article's retroactivity, the Court declines to apply it as Plaintiff requests.  In addition, Plaintiff's charge was ultimately reduced to a disorderly conduct charge.  (*See* ECF No. 57).  This means that even if N.Y. PENAL L. § 222 were to be retroactively applied, it would no longer be relevant considering he was not even charged with possession of marijuana but rather ,disorderly conduct in which the only repercussion is a violation.

("[W]hen the opponent of an amendment asserts that the movant is acting in bad faith, there must be something more than mere delay or inadvertence for the court to refuse to allow the amendment."); *Blagman v. Apple, Inc.*, No. 14-CV-5453, 2014 WL 2106489, at *3 (S.D.N.Y. May 19, 2014) ("To the extent that the defendants claim that [the plaintiff's] delay was strategic,... they provide no showing of bad faith apart from the delay itself."). Thus, like those cases, the Court finds that Defendants here have not sufficiently demonstrated that Plaintiff acted with bad faith.

And finally, with regard to prejudice, Defendants state that converting what started out as a personal injury action and morphing it into a challenge regarding the legality of an arrest, search and prosecution years post-litigation is highly prejudicial at this juncture. (ECF No. 54-1 at 4.) Plaintiff in turn states that Defendants have failed to explain how adding the claims pursuant to the same statute, 42 U.S.C. § 1983, would change the nature of the lawsuit. (ECF 55 at 3.) Instead, these claims are made based on the same occurrence so the parties would not have to expend additional resources to conduct discovery at this juncture regarding the additional claims. (*Id.* at 5.)

Prejudice to the nonmoving party is the most important factor when determining whether to grant a claimant's leave to amend and is often the "most frequent reason for denying leave to amend." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). However, it is only *undue* prejudice that would justify denial of a plaintiff's leave to amend. *See Agerbrink*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016). When considering whether the opposing party may be prejudiced, the opposing party must demonstrate that the new claim would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; (3) prevent the plaintiff from bringing a timely

action in another jurisdiction; or (4) whether the opposing party was on notice of the new claim. *Alicea v. City of New York*, No. 16-cv-07347 (JLR), 2023 U.S. Dist. LEXIS 93318, at *7, 13 (S.D.N.Y. May 30, 2023).  Notably, courts have found that "the longer the period of an unexplained delay," however, "the less will be required of the nonmoving party in terms of a showing of prejudice."  *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

Here, fact discovery concluded on March 7, 2023, and contrary to Plaintiff's assertion, has not "just begun."  (ECF No. 55 at 9.)  Indeed, at Oral Argument, Plaintiff *conceded* that discovery has ended.  (Oral Argument at 11:30.)  Thus, parties would have to make a motion to re-open discovery in an effort to marshal information about these newly added claims at this juncture.  *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed."); *Dais v. Lane Bryant, Inc.*, 97-cv-2011 (PKL) (RLE), 2000 WL 145755, *2 (S.D.N.Y. Feb. 8, 2000) (denying plaintiff's motion to amend which was sought one year after complaint was filed and one month after the close of discovery); *Weaver v. Warrington*, No. 14-CV-7097, 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018) ("[The motion to amend], if granted, would cause not a simple delay in the schedule but a reopening of discovery. That is one reason why, not surprisingly, courts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery.").

Relatedly, Plaintiff's counsel contends that the new claims are based on the same occurrence and transaction and therefore will not require any additional discovery.  Defendants, on the other hand, argue that they would need to have their own discovery performed on each additional claim and prepare defenses before filing any dispositive motions such as a motion to dismiss or motion for summary judgment.  However, Defendants fail to explain what additional

documents would need to be produced or additional depositions would need to be taken. Further, because these events (the arrest and confinement) stem from the same facts, Defendants were on notice of the new claim by virtue of the original Complaint, so there is no evidence of undue prejudice against Defendants. *See U.S. ex rel Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); *Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (finding no undue prejudice because "repetitive depositions may not be necessary" and "even if additional discovery is needed, such discovery would not be extensive" because the new claim "arises from the same set of facts as the original claims"); *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169, 173 (S.D.N.Y. 2004) (finding that proposed amendments will not require "substantial additional" discovery since the new claims were premised on essentially the same facts as the original claim); *cf. Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (denying motion to amend where discovery closed and proposed claims were "different in character and purpose from those articulated in the initial complaint").

The undersigned accordingly finds that Defendants would not be significantly prejudiced with the addition of these claims and there was no bad faith in bringing them. Nevertheless, the Court still finds that there was delay and litigating them now would be futile. *Cf. Arnold v. Research Found. for the State Univ. of N.Y.*, 216 F. Supp. 3d 275, 291 (E.D.N.Y. 2016) (finding no delay, prejudice, or bad faith with respect to plaintiff's claims but denying motion to amend for certain claims based on futility alone); *Hafizov v. BDO United States, LLP*, No. 22-CV-8853

(JPC) (RWL), 2023 U.S. Dist. LEXIS 129075, at *16-17 (S.D.N.Y. July 24, 2023) (finding no evidence of bad faith but the claims were futile so plaintiff's motion to amend was denied).

## CONCLUSION

For the reasons set forth herein, the undersigned respectfully recommends that Plaintiff's motion to amend the Complaint (ECF No. 53) be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1) (2006 & Supp. 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

Dated:  Central Islip, New York.
            November 29, 2023

RESPECTFULLY RECOMMENDED,

/S/  *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge