UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTIAN R. ORTEGA-LIBREROS,

                Plaintiff,

      v.

COUNTY OF NASSAU *et al.*,

                Defendants.

MEMORANDUM & ORDER

No. 2:19-cv-03114 (NRM) (JMW)

---

NINA R. MORRISON, United States District Judge:

    Now pending before the Court is Plaintiff's motion to amend the Complaint (the "Motion"), ECF No. 53. The Motion was referred to the Hon. James M. Wicks for a Report and Recommendation on July 5, 2023. The parties appeared before Judge Wicks on September 6, 2023 for a hearing on Plaintiff's Motion and submitted supplemental briefs. On November 29, 2023, Judge Wicks issued a Report and Recommendation (the "R&R"), ECF No. 59, recommending that Plaintiff's Motion be denied. Plaintiff filed objections, captioned as a motion for reconsideration, on December 15, 2023 (the "Objections" or "Pl.'s Objs."), ECF No. 60. Defendants opposed Plaintiff's Objections ("Defs.' Opp."), ECF No. 61, and urged the Court to adopt the R&R.

    For the reasons to follow, the Court adopts the R&R in part. Specifically, the Court concurs fully with Judge Wicks' thorough and well-reasoned R&R in all respects except its recommendation with respect to Plaintiff's claim that he was

subjected to an unlawful search of his vehicle in violation. Plaintiff's motion to amend his complaint is granted with respect to this claim only; in all other respects, the Court adopts the R&R in full and the motion is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the factual history and proceedings below, which are discussed at length in the R&R, and recites them only as needed here. *See* R&R. Plaintiff commenced this action on May 24, 2019. Compl., ECF No. 1. The appearing Defendants filed their answer on August 21, 2019, ECF No. 13, and pursuant to the first scheduling order issued in this matter, the original deadline for the amendment of pleadings was July 1, 2020. *See* Order dated January 29, 2020.

Plaintiff initially sought and received an extension of time to complete discovery, without seeking a corresponding extension of time to amend the pleadings, on September 17, 2020, after the first deadline to amend had passed. *See* Pl.'s Ltr. Mot. for Extension of Time to Complete Disc., ECF No. 20. The Court directed Plaintiff to meet and confer with Defendants regarding outstanding discovery and to submit an amended proposed discovery schedule. *See* Order dated September 25, 2020, ECF No. 22. The Court adopted the parties' amended proposed scheduling order, setting a deadline for all discovery to be concluded by February 17, 2021. *See* Order dated October 20, 2020.

On February 18, 2021, one day after the deadline for completing discovery had passed, Plaintiff filed a motion for an extension of time to complete discovery and to amend the pleadings citing delay caused by the COVID-19 pandemic and the

dissolution of Plaintiff's counsel's law firm. *See* Pl.'s First Req. to Amend, ECF No. 24. In Plaintiff's First Request to Amend, Plaintiff noted that he anticipated making a motion to amend the complaint "to include false arrest and false imprisonment, as the way the officers testified, it became obvious that the stop of our client and the subsequent arrest were pretextual. Again, we are conforming the pleadings to the proof." *Id.* The Court issued an order denying the First Request to Amend with leave to renew because, among other reasons, Plaintiff had not (1) identified any outstanding discovery, (2) proposed a timeline for completing discovery, (3) provided a copy of the proposed amended pleading, or (4) sought Defendants' consent to the application. *See* Order dated February 19, 2021.

On March 23, 2021, Plaintiff filed his second request to amend the Complaint and provided, for the first time, a copy of the proposed amended pleadings. *See* Second Req. to Amend, ECF No. 25. Plaintiff also sought, jointly with Defendants, to extend time to complete discovery. *Id.* at 1. The parties' request to extend the time to complete discovery was granted, but Plaintiff's second request to amend the complaint was denied with leave to renew. *See* Order dated April 7, 2021. As the Court explained, Plaintiff's counsel had "failed to outline what facts or claims the plaintiff seeks to add to the complaint nor has he provided the Court with any facts or law to support the amendment at this stage in the proceedings. The plaintiff must file a formal motion." *Id.*

After the parties completed discovery, Defendants filed a letter for a pre motion conference in advance of an anticipated motion for summary judgment, wherein

Defendants described numerous alleged deficiencies in the Complaint (the "PMC Request"). *See* Defs.' PMC Req. dated July 7, 2021, ECF No. 29. Defendants alleged, among other things, that the Court should grant summary judgment because the individual Defendants named in the Complaint had not violated Plaintiff's rights (as opposed to, for example, uncharged employees of the Nassau County Correctional Center, who Plaintiff had not sued). *Id.* at 3. Plaintiff failed to respond to Defendants' PMC Request for two full months, until September 7, 2021, at which time Plaintiff requested an extension. *See* Pl.'s Req. for Extension of Time to Respond to PMC, ECF No. 30.

At a conference in front of Judge Wicks, Plaintiff's counsel represented that he had missed the ECF notifications concerning the PMC Request because he recently changed law firms and advised the Court that he would respond to it promptly. Approximately two weeks later, Plaintiff responded to the PMC Request and made a motion to reopen discovery for the limited purpose of identifying particular individuals who interacted with Plaintiff in the hospital infirmary and transported Plaintiff to court (presumably as a response to Defendant's arguments in their PMC Request that Plaintiff had effectively sued the wrong defendants). *See* Pl.'s PMC Resp. dated Sept. 20, 2021, ECF No. 32. While Plaintiff alluded to the need to add more defendants, stating, "[n]ote that the County is not saying they are not responsible, instead they have a 'gotcha approach' in that they are saying we did not get the names of the responsible parties," *id.* at 3, Plaintiff did not actually seek leave

to amend the Complaint. Nor did he make any mention of an intent to later seek leave to amend the Complaint to include new Fourth Amendment claims.

On January 19, 2023, in a joint status report, Plaintiff advised the Court (for the first time since March 23, 2021) that Plaintiff would be requesting leave to amend the Complaint "to have the pleadings conform to the proof." Joint Status Report 1, ECF No. 45. Plaintiff stated his position that "the Notice of Claim and the Complaint reflects sufficient information to conform the complaint to (1) false arrest, (2) false imprisonment and (3) malicious prosecution of Plaintiff." *Id.* at 2. Plaintiff added that the depositions "brought to light the illegal search," but did not state that he would seek leave to amend the Complaint to include an illegal search claim. *Id.* at 2–3. The joint status report indicated that Defendants would likely oppose any proposed amendments to the Complaint. *Id.* at 3.

Judge Wicks directed Plaintiff to serve a copy of his proposed amended pleadings on Defendants and to thereafter file a joint letter indicating whether Defendants consent to the amendment. *See* Minute Entry dated February 8, 2023, ECF No. 46. After Defendants indicated they would oppose any amendment, the Court set a briefing schedule for Plaintiff's motion to amend, directing Plaintiff to serve its reply and file the fully briefed, bundled motion by May 19, 2023. *See* Order dated March 5, 2023. By May 22, 2023, Plaintiff neither requested an extension nor filed the motion as directed. *See* Order dated May 22, 2023.

Ten days after the fully briefed motion was due — a new deadline that included an extension granted *sua sponte* by the Court, resetting the motion deadline for May

29, 2023 — Plaintiff's counsel belatedly filed an extension request. *See* Mot. for Extension of Time to File Reply, ECF No. 52. Plaintiff's counsel stated that he "didn't see" the Defendants' opposition or "must have overlooked it" due in part to being "immersed in another 1983 action," which had a filing due that day and on which counsel had "just wasted 3 hours on computer problems." *Id.* Plaintiff's counsel requested an additional thirty days to file Plaintiff's reply in support of his motion to amend. *Id.* The Court granted the requested extension and directed Plaintiff to file the reply and fully briefed motion by June 30, 2023. *See* Order dated May 30, 2023. On July 3, 2023, Plaintiff filed his fully briefed and bundled motion.

Given Judge Wicks' familiarity with the parties and the underlying litigation, the Court referred the Motion to Judge Wicks for a Report and Recommendation. *See* Order dated July 5, 2023. Judge Wicks held oral argument on the Motion and directed Plaintiff to file another supplemental brief by September 8, 2023, outlining the legal and factual support for Plaintiff's proposed new claims. *See* Minute Entry dated September 6, 2023, ECF No. 56. After receiving Plaintiff's supplemental brief on September 10, 2023, (the "Supplemental Brief" or "Suppl. Br."), ECF No. 57, and Defendants' opposition on September 22, 2023, ECF No. 58, Judge Wicks issued the R&R in this case on November 29, 2023, ECF No. 59.

Sixteen days after the R&R was issued — i.e., two days *after* the deadline to file objections set forth in Rule 72 of the Federal Rules of Civil Procedure — Plaintiff's counsel filed late objections to the R&R. *See* Pl.'s Objs. Plaintiff's Objections were initially inadvertently filed *ex parte* and thus were not received by Defendants until

the Court noticed and corrected Plaintiff's filing error on March 29, 2024. On April 1, 2024, Defendants responded to Plaintiff's Objections. *See* Defs.' Opp., ECF No. 61.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Following the issuance of an R&R, the parties are given an opportunity to file written objections to the R&R. *See* 28 U.S.C. § 636(b)(1)(C). The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

However, "[t]he district court may adopt those portions of [an R&R] to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535 (E.D.N.Y. 2018) (citations omitted). Additionally, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Id.* at 538 (citation omitted). Moreover, "when a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988)).

## **DISCUSSION**

As a preliminary matter, the Court must determine whether the R&R should be evaluated *de novo* or for clear error. Because the Court concludes that Plaintiff's Objections are untimely, the Court will review the R&R for clear error.

### I. Timeliness

Judge Wicks issued the R&R on November 29, 2023 and Plaintiff did not file objections until December 15, 2023. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections." Plaintiff's counsel acknowledges in Plaintiff's Objections that his filing is untimely but alleges that counsel was "never served with a copy of Judge Wicks' findings," and asks that "[t]o the degree this application may be on the fifteenth or sixteenth day we received the docket notes, we request a *nunc pro tunc* enlargement for our objections." Pl.'s Objs. at 1.

Plaintiff's counsel's excuse for missing the deadline to file objections to the R&R would be remarkable if it were not so characteristic of counsel's longstanding pattern of conduct in this case. No party had an obligation to "serve" Plaintiff with a copy of the R&R because the order was filed electronically on the docket on the day it was issued, and all parties received immediate electronic notifications of its issuance. Plaintiff's counsel has himself made filings electronically on the docket on ECF since this case began more than five years ago. The R&R was published on the docket on November 29, 2023, and Defendants' counsel received an automatic electronic notification of it the same date it was filed. *See* Defs.' Opp. at 5. The Court has every

reason to assume that Plaintiff's counsel received the same automated electronic notification on November 29, 2023 that Defendants' counsel received, whether Plaintiff's counsel took notice of it or not, and simply ignored or missed his deadline to respond.  That conclusion is based, in part, on the fact that Plaintiff's counsel has missed nearly every filing deadline in this case since its inception.  Against that backdrop, the Court has no trouble finding the Objections untimely and finds no cause to excuse the late filing.  *See DiMartino*, 327 F. Supp. 3d at 535.

## II.     Plaintiff's General Objections

Plaintiff dismisses the R&R as "erroneous, harsh and antiseptic," and generally objects to "each and every finding of Judge Wicks" without identifying virtually any of the specific findings to which Plaintiff objects and the basis for the same.  Pl.'s Objs. at 1.  Even if Plaintiff's Objections had been timely filed, Plaintiff's general, unspecified objections to "each and every finding" of the R&R, (some of which were actually favorable to Plaintiff) would only warrant review for clear error.  *See DiMartino*, 327 F. Supp. 3d at 535–36 (noting that a court reviews an R&R for clear error where the objecting party "makes only conclusory or general arguments, or simply reiterates the original arguments").  The Court also notes that despite Plaintiff's counsel's derogatory characterization of the tone and content of the R&R, it is clear that Judge Wicks has been exceptionally even-handed in dealing with the parties and describing their claims throughout this litigation, and continued that practice in his detailed and balanced R&R.

### III. Plaintiff's Specific Objections

Plaintiff only specifically objects to two aspects of the R&R. First, Plaintiff objects to the portion of the R&R finding that leave to amend his complaint would be futile because, according to the R&R, Defendants had probable cause to search Plaintiff's car in light of testimony by the arresting officers that they observed a bag of marijuana in plain view when they stopped him. *Id.* at 2. Second, Plaintiff objects to the portion of the R&R finding that Plaintiff's proposed malicious prosecution claim would be futile because the "mere fact Plaintiff was charged with a felony marijuana possession and the illegal search amount to sufficient evidence of malice." *Id.*

Though Plaintiff objects to two particular conclusions in the R&R (that amending to add an illegal search claim and malicious prosecution claim would be futile), Plaintiff does not explain the "specific error in the report and recommendation, *e.g.,* why a specific finding or conclusion is faulty or the magistrate judge erred in rejecting a specific argument." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). In both cases, Plaintiff offers no legal authority for his objections. Indeed, with respect to the illegal search claim, Plaintiff does nothing more than cursorily restate arguments from the supplemental motion. *Compare* Suppl. Br. at 3 (arguing that Plaintiff should be permitted to amend the Complaint to add an illegal search claim because inconsistent deposition testimony from the arresting officers makes the officers' claim that the bag of marijuana in the car was in plain view incredible) *with* Pl.'s Objs. at 2 (arguing the illegal search claim would not be futile because whether the bag of marijuana in the car was in plain view is a "hotly contested and disputed fact"). *See DiMartino*, 327 F. Supp. 3d at 535 (finding clear

error review appropriate for objection to a report and recommendation that reiterated movant's original argument).

As to the malicious prosecution claim, Plaintiff's objection is specific ("[w]e disagree that there is no evidence of malicious prosecution") but the basis for his objection is unclear and conclusory, stating only "the mere fact that plaintiff was charged with a felony marijuana possession" and illegally searched "amount[s] to sufficient evidence of malice." Pl.'s Objs. at 2. At best, Plaintiff alludes to, without fully reiterating, an argument set forth in his Supplemental Brief that due to changes in the law concerning marijuana that occurred after Plaintiff's arrest in this case, "Plaintiff would not have been incarcerated for possessing a small amount of marijuana should he be pulled over today." Suppl. Br. at 1. Because Plaintiff's objection is conclusory and does nothing more than refer back to his earlier arguments, the objection should be reviewed for clear error. *See DiMartino*, 327 F. Supp. 3d at 535–36. And, as explained in Section I *supra*, in any event, Plaintiff's objections are untimely and are entitled only to clear error review.

## IV. Review of the Magistrate Judge's Findings and Recommendations

The R&R recommends denying Plaintiff's Motion on the substantive grounds that the proposed claims would be futile, R&R at 8–19, and the procedural ground that Plaintiff could have filed the Motion "as early as February 2021," *id.* at 22–23, but delayed doing so, without good cause, for nearly two and a half years, *id.* at 26. In the R&R, Judge Wicks found that Plaintiff failed to establish good cause for the untimely proposed amendment, and that Plaintiff caused delay by waiting to amend the Complaint. On the other hand, Judge Wicks also found that there is no evidence

that Plaintiff acted in bad faith when belatedly seeking leave to amend, and that the proposed amendment(s) would not unfairly prejudice Defendants. *Id.* at 19–26.

In this Court's view, the R&R's finding that Plaintiff "failed to act diligently because he had ample information to articulate his proposed amendment" is an understatement. *Id.* at 21. Plaintiff's counsel has offered no persuasive justification for his failure to seek leave earlier (including on the multiple occasions the Court specifically directed him to amend, as on February 18, 2021 and March 23, 2021) and, as the R&R succinctly put it, "sat on" the claims he now seeks to add since at least February 2021. *Id.* at 23.

On the other hand, although this Court emphatically agrees with the R&R's finding concerning Plaintiff's counsel's repeated, unjustified delay in this matter, the Court finds that Judge Wicks did err in concluding that one of Plaintiff's proposed amendments — his proposed claim for relief based on an illegal search of his vehicle — would be futile. And because the Court agrees with the R&R's findings that amending the pleadings to include an illegal search claim would not cause undue prejudice, and that there is no evidence that Plaintiff has acted in bad faith with respect to his untimely motion to amend, the Court grants Plaintiff's application to amend the pleadings, solely to add a Fourth Amendment claim and a related claim under the New York State Constitution for relief based on an alleged illegal search.

### A. Illegal Search

Plaintiff alleges that after Defendant Mosback pulled him over for an alleged traffic infraction, Mosback searched his car without probable cause, found a bag of

marijuana in the car, and then arrested him. Mot. at 22. The R&R recommends that this Court deny Plaintiff's Motion to include an illegal search claim because Defendants searched the car "only after seeing the bag of marijuana in plain view," and thus had probable cause to search the car. R&R at 13. Alternatively, the R&R recommends that even if the plain view exception does not apply, under the automobile exception, officers can search a car without a warrant if there is "probable cause to believe that there is contraband within the vehicle." *Id.* at 14. Plaintiff, however, contends that "[t]he traffic stop did not entitle the officers to pull the Hispanic Plaintiff out of his car and to search the car. The story that they saw a corner of a plastic bag is false and still would not give them the right to search the car. The story that they could see the marijuana on the floor under a coat in a bag inside a bag is utterly ridiculous and clearly a fabrication." Mot. at 22. In his Objections, Plaintiff specifically notes that the officers' testimony about seeing a portion of the bag before they searched the car is a highly disputed fact in the case, and that Plaintiff intends to demonstrate the implausibility and falsity of Mosback's testimony at trial. *See* Pl.'s Objs. at 2.

Though the alleged traffic infraction — here a stop for a missing license plate — could provide a basis to briefly seize the car and its driver, it cannot, without more, provide probable cause for the search of a car. *United States v. Hernandez*, 628 F. Supp. 190, 192 (S.D.N.Y. 1986) (noting that the New York Court of Appeals "has held that a violation of the traffic laws by itself may not justify a search" and upholding a search of a car during a traffic stop because "there were sufficient factors independent

of the traffic infraction" to support probable cause for the search). The parties dispute whether the officers had any other indicia of suspicion to support their search of the car. In particular, Defendants allege that the corner of a bag of marijuana was visible to the officers during the car stop, giving the officers probable cause to search the car; Plaintiff disputes that assertion, and contends that, given the bag's location under his jacket in the back seat, the officers did not and could not possibly have seen any part of the bag of marijuana in the car before searching the car with no legal basis to do so.

Given that the illegal search claim turns entirely on a disputed factual issue (whether the police could see the bag of marijuana inside of the car before they searched it), at this stage of the proceedings, the Court is not in a position to credit one party's version of events over the other's. Plaintiff does have specific facts that he intends to plead in his amended complaint and prove at trial which could, if credited by the jury, preclude the Defendants from justifying the search of Plaintiff's vehicle under either the plain-view or automobile search exception. Because Plaintiff has alleged the essential elements of an illegal search claim and because the potential success of that claim depends on whether a future fact finder credits Plaintiff's or Defendants' version of events, the Court finds that amending the pleadings to include an illegal search claim would not be futile.

"Under § 1983, liability may only be imposed upon those who caused a deprivation of rights, meaning personal involvement of each defendant in the alleged constitutional violation is a necessary element." R&R at 10 (quoting *Lehman v.*

*Kornblau*, 134 F. Supp. 2d 281, 288 (E.D.N.Y. 2001) (citations omitted)). Thus, Plaintiff can only amend the Complaint to include an illegal search claim against the individual officer(s) who participated in the search. Although the Motion makes reference to officers Mosback and Imondi, Plaintiff has only sued Defendant Mosback, and he has not sought leave to amend the complaint to add any additional individual officer defendants. *See* Mot. at 19–20.[1] Accordingly, in light of the Court's finding that Plaintiff is entitled to amend the pleadings to include an illegal search claim, he may do so against Defendant Mosback only.

**B. False Arrest, False Imprisonment and Malicious Prosecution**

Regarding the false arrest and false imprisonment claims (which were not the subject of any specific objection by Plaintiff), the Court finds no clear error in the R&R's conclusion that adding both claims would be futile. *See Mancuso v. Kijakazi*, No. 22-cv-5633, 2023 WL 6311289, at *1 (S.D.N.Y. Sept. 28, 2023) (cleaned up) (noting a court "may adopt those portions of the report and recommendation to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law"). That is because of the well-settled law in this Circuit that for "federal false arrest claims" brought under § 1983, "even in circumstances where a

---

[1] In the caption to the proposed illegal search claim, Plaintiff alleges the claim against all Defendants. Mot. at 19. However, in the paragraphs supporting the claim, Plaintiff refers to Defendant Mosback as "THE NASSAU OFFICER", describes alleged illegal conduct only by THE NASSAU OFFICER, and seeks damages only against "the individual defendant." Mot. at 20. The Court construes this part of the motion as seeking leave to amend to bring his illegal-search claim against Mosback, rather than an unnamed "officer" from the Nassau County Police Department.

preceding search is illegal, police officers may use evidence obtained in that illegal search to establish probable cause for an arrest." *Hatcher v. City of New York*, No. 15-cv-7500, 2018 WL 1583036, at *3 (S.D.N.Y. Mar. 27, 2018).[2]

The Court also adopts the R&R's finding that a malicious prosecution claim under § 1983 would be futile on the facts as alleged by Plaintiff because Plaintiff did not obtain a favorable termination of the criminal action. *See Simon v. City of New York,* No. 16-cv-1017, 2020 WL 1323114, at *3 (E.D.N.Y. Mar. 19, 2020) (citation omitted) (noting "that a plaintiff alleging malicious prosecution under § 1983 can only satisfy the favorable termination element by showing that 'the prosecution terminated in some manner indicating that the person was not guilty of the offense charged.'"); *Gabilly v. City of New York*, No. 19-cv-11884, 2021 WL 3667981, at *5 n.5 (S.D.N.Y. Aug. 17, 2021) (citation omitted) (noting that a guilty plea, even to a lesser included offense, cannot satisfy the favorable termination element of a malicious prosecution claim and is "fatal to a false arrest claim").

## **CONCLUSION**

For the foregoing reasons, it is hereby ordered that the R&R is adopted in part, and Plaintiff's [53] Motion to Amend is granted in part and denied in part. Plaintiff's

---

[2] The Court notes that New York state law, which treats the elements of false arrest and false imprisonment as "one and the same," may permit a civil plaintiff to proceed with a claim for false imprisonment where the plaintiff alleges that the evidence that provided probable cause for the plaintiff's arrest was illegally obtained. *Hatcher*, 2018 WL 1583036, at *3 (noting this issue is unsettled under New York state law, and collecting cases in which New York state appellate courts have reached conflicting decisions). However, in the Motion, Plaintiff only seeks leave to amend the Complaint to include a Section 1983 claim for false arrest, and does not seek to add a corresponding state law claim for false imprisonment.

Motion is granted only insofar as Plaintiff has leave to amend the pleadings to include a claim for illegal search under § 1983 and a corresponding state law claim against Defendant Mosback. Plaintiff's Motion is denied in all other respects. Plaintiff must file an amended complaint within thirty days of this Order or risk preclusion.

Given Plaintiff's counsel's substantial delay in seeking leave to amend the Complaint, the lengthy history of missed deadlines summarized in the Background of this decision, and the relevance of counsel's course of conduct to the Court's decision in this matter, the Court directs Plaintiff's counsel to provide a copy of this decision to Plaintiff. The Court further directs Plaintiff's counsel to file a letter on the docket by October 11, 2024, certifying that counsel has provided Plaintiff with a copy of the Court's decision.

SO ORDERED.

      /s/ NRM_____
    NINA R. MORRISON
    United States District Judge

Dated:    September 30, 2024
               Brooklyn, New York